UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALBERTO G. TREJO,

    Plaintiff,

v.                                                       Case No. 16-11537
                                                       Hon. Denise Page Hood

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION AND DISMISSING ACTION

This matter is before the Court on Magistrate Judge David R. Grand's Report and Recommendation. **[Doc. No. 20].** Timely objections and a response to the objections were filed in this matter. **[Doc. Nos. 23 and 24].**

Judicial review of the Commissioner's decision is limited in scope to determining whether the Commissioner employed the proper legal criteria in reaching his conclusion. *Garner v. Heckler,* 745 F.2d 383 (6th Cir. 1984). The credibility findings of an administrative law judge ("ALJ") must not be discarded lightly and should be accorded great deference. *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). A district court's review of an ALJ's decision is not a *de novo* review. The district court may not resolve conflicts in the evidence nor decide questions of credibility. *Garner*, 745 F.2d at

397. The decision of the Commissioner must be upheld if it is supported by substantial evidence, even if the record might support a contrary decision or if the district court arrives at a different conclusion. *Smith v. Secretary of HHS*, 893 F.2d 106, 108 (6th Cir. 1984); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

The Court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusions for the proper reasons. Plaintiff objects to the Magistrate Judge's: (a) determination that the Administrative Law Judge ("ALJ") properly weighed the treating physician's opinion; (b) finding that the ALJ correctly applied *Drummond v. Commissioner of Social Security*, 126 F.3d 837 (6th Cir. 1997); and (c) decision that the ALJ properly accounted for Plaintiff's mental health issues when formulating Plaintiff's residual functional capacity.

With respect to the first objection, Plaintiff argues that the ALJ failed to provide good reasons for affording the opinion of Plaintiff's treating physician, Dr. Daniel Duffy little weight. Plaintiff asserts that Dr. Duffy's statements were not inconsistent with his restrictions and examination findings, that the ALJ's findings were based on her own interpretation of raw medical data, and that Dr. Duffy's conservative treatment was not a sufficient reason to discount his opinion.

The Court is not persuaded by Plaintiff's arguments. There is substantial evidence in the record from which the ALJ could have concluded that Dr. Duffy's

opinion was not consistent with the restrictions he recommended and his own findings upon examination of Plaintiff. As the Magistrate Judge notes, the ALJ determined that Dr. Duffy's opinion did not align with the Plaintiff's participation in the chores Plaintiff did around the house and Plaintiff's activities with his family, such as hiking and working on a go-cart. (Doc. No. 20 at PgID 672). Dr. Duffy prescribed back exercises that could be considered inconsistent with his opinion that Plaintiff could only work one day per month. That evidence supports the ALJ's decision to discount Dr. Duffy's recommended restrictions and undermines Plaintiff's argument that the ALJ was simply interpreting raw medical data. The ALJ's determination that Dr. Duffy's opinion also should be discounted due to Dr. Duffy's conservative treatment was a valid consideration. If Plaintiff's impairments truly were so disabling that he could only attend work for one day a month, it was reasonable for the ALJ to conclude that treating his impairments solely by prescribing exercises and pain medication constituted a conservative treatment. When all of these factors are combined, the Court concludes that there is substantial evidence to support the ALJ's decision.

Plaintiff next objects that: (a) the ALJ misapplied *Drummond,* and (b) the Magistrate Judge incorrectly determined that the ALJ's findings were more restricted than those found in previous cases, such that the ALJ's application of *Drummond* was inappropriate. The Court disagrees with Plaintiff. The ALJ's

3

findings regarding Plaintiff's residual functional capacity ("RFC") were more limited than previously determined residual functional capacities. The ALJ put additional non-exertional restrictions on Plaintiff's RFC, while generally leaving the exertional restrictions the same. The only exception was that the ALJ did not include a sit/stand option in Plaintiff's RFC. The Court agrees with the Magistrate Judge that, since all the jobs that the ALJ used in Step Five of the sequential evaluation process can be performed with a sit/stand option, a failure to include the option could not constitute reversible error.[1] The Court concludes that the ALJ correctly applied *Drummond.*

In his third objection, Plaintiff contends that the Magistrate Judge: (1) excuses the ALJ's failure to find Plaintiff's mental health a serious impairment under Step Two of the sequential evaluation process, and (2) finds the ALJ's Step Two determination to be an error. Plaintiff contends that the ALJ's decision is not supported by medical evidence.

The Court notes that the Magistrate Judge did not find that the ALJ should have determined that Plaintiff had a serious impairment because of his depression. Rather, the Magistrate Judge concluded that, *if* the decision was a mistake, it is not a reversible error because if the ALJ "appropriately considered all of Trejo's impairments - both severe and non-severe - in formulating [her] RFC, then her

---

[1] This Court recognizes that Plaintiff also looks to ALJ Detherage's opinion. The Court agrees with the Magistrate Judge that, as ALJ Detherage's opinion was vacated, it was not binding on ALJ Kleber in her formulation of Plaintiff's RFC under *Drummond*.

failure to find additional severe impairments at Step Two does not constitute reversible error." (Doc. No. 20 at PgID 669). The Court finds that the ALJ accounted for Plaintiff's depression in the RFC by limiting Plaintiff to work that only has "limited contact with others and stress in light of his mild depressive symptoms and his pain." (*Id*.). This limitation is supported by substantial evidence in the record, including Plaintiff's ability to perform household chores, his interactions with family, and his cooperation at his hearing before the ALJ. Although there is conflicting medical evidence regarding Plaintiff's abilities, there is substantial medical evidence from Dr. Caputo and state agency psychologist, Dr. Garner, to support the decisions made by the ALJ in formulating Plaintiff's RFC.

For the reasons set forth above, the Court finds that the ALJ's decision, including but not limited to the determinations Plaintiff challenges in his objections, was supported by substantial evidence and was not based on any legally erroneous determination. Further, the Court accepts the Magistrate Judge's Report and Recommendation as this Court's findings of fact and conclusions of law.

Accordingly,

**IT IS ORDERED** that the Report and Recommendation of Magistrate Judge David R. Grand **[Doc. No. 20, filed May 10, 2017]** is **ACCEPTED** and **ADOPTED** as this Court's findings of fact and conclusions of law.

**IT IS FURTHER ORDERED** that Plaintiff's Objections **[Doc. No. 23, filed May 26, 2017]** are **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment **[Doc. No. 15, filed September 7, 2016]** is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment **[Doc. No. 18, filed November 19, 2016]** is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** with prejudice.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: August 31, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 31, 2017, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager